**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DESMOND ALEXANDER ALBRIGHT, <br><br> Plaintiff, <br><br> v. <br><br> MACY'S DEPARTMENT STORE et al., <br><br> Defendants. | Case No. 2:25-cv-01246 (BRM) (SDA) <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

  Before the Court is Plaintiff Desmond Alexander Albright's ("Plaintiff") Complaint (ECF No. 1) and Application to Proceed *In Forma Pauperis* ("IFP") (ECF No. 1-1). When a prisoner seeks to proceed IFP under 28 U.S.C. § 1915, the applicant is required to submit an affidavit that sets forth his assets and attests to the applicant's inability to pay the requisite fees. 28 U.S.C. § 1915(a)(1). The decision whether to grant or to deny the application should be based upon the economic eligibility of the applicant, as demonstrated by the affidavit. *See Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976). Having reviewed Plaintiff's IFP application, the Court finds leave to proceed IFP is warranted and the application is **GRANTED**. Therefore, the Court is required to screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Having reviewed Plaintiff's filings and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Plaintiff's Complaint is **DISMISSED**.

## I.   BACKGROUND

On February 11, 2025, Plaintiff filed his Complaint (ECF No. 1) against defendants Macy's Department Store, Macy's Dept. Store Loss Prevention Assco. [sic] Division, and Nicholas Sacco ("Sacco") (collectively, "Defendants"), along with an application to proceed IFP (ECF No. 1-2). Plaintiff alleges Sacco, a Macy's employee, threatened and assaulted him (ECF No. 1 at 4–5), aided an unknown woman who "[took] things from [him]" (*id.* at 5), dragged him back to the department store (*id.*), and made false statements and representations to the police (*id.* at 8).

Plaintiff asserts jurisdiction pursuant to 42 U.S.C. § 1983. (*Id.* at 2.)

## II.   LEGAL STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts are required to review civil actions in which a litigant proceeds *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B); *Stamos v. New Jersey*, Civ. A. No. 095828, 2010 WL 457727, at *2 (D.N.J. Feb. 2, 2010), aff'd, 396 F. App'x 894 (3d Cir. 2010) (applying § 1915 to non-prisoners). When reviewing such actions, the PLRA instructs courts to dismiss cases that are at any time frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Because Plaintiff is proceeding in forma pauperis, the applicable provisions of the PLRA apply to the screening of his Complaint. "To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* In order to survive a dismissal for failure to state a claim, a complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, while *pro se* pleadings are liberally construed, they "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. DECISION

#### A. Plaintiff's Federal Claim

Pursuant to 42 U.S.C. § 1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

"To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under color of state law." *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993). "Although a private person may cause a deprivation of such a right, he may be subjected to liability under § 1983 only when he does so under color of law." *Flagg*

*Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978). "In cases under § 1983, 'under color' of law has consistently been treated as the same thing as the 'state action' required under the Fourteenth Amendment." *United States v. Price,* 383 U.S. 787, 794 n.7 (1966). Plaintiff must show that "there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974)). "[A] State normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Id.* "Mere approval of or acquiescence in the initiatives of a private party is not sufficient." *Id.* Specifically,

> [i]n the context of commercial establishments, the Third Circuit has held that the conduct of a store and its employees cannot properly be attributed to the State unless "(1) the police have a pre-arranged plan with the store; and (2) under the plan, the police will arrest anyone identified as a shoplifter by the store without independently evaluating the presence of probable cause."

*Archer v. Melchionda*, No. 06–CV–2306, 2008 WL 205220, at *10 (D.N.J. Jan. 23, 2008) (quoting *Cruz v. Donnelly*, 727 F.2d 79, 81 (3d Cir. 1984)).

      Plaintiff fails to allege a plausible claim under 42 U.S.C. § 1983. Section 1983 requires a deprivation of a constitutional right "by a person acting under color of state law." *Moore*, 986 F.2d at 685. Even construing Plaintiff's complaint liberally, the Court finds neither Sacco nor the Macy's defendants acted under color of law when Sacco allegedly threatened and assaulted Plaintiff, (ECF No. 1 at 4–5), aided an unknown woman who "[took] things from [Plaintiff]," (*id.* at 5), dragged Plaintiff back to the department store, (*id.*), and made false statements and representations to the police (*id.* at 8).

Plaintiff does not allege there is a "sufficiently close nexus" between the state and Sacco's actions or that Sacco's actions "may be fairly treated as that of the State." (*See generally* ECF No. 1); *Blum*, 457 U.S. at 1004. Further, Plaintiff does not allege the state "exercised coercive power" or "provided such significant encouragement" to Sacco or the Macy's defendants. *Id.* This alone merits dismissal. *See Archer v. Melchionda*, No. 06–CV–2306, 2008 WL 205220, at *9 (D.N.J. Jan. 23, 2008) (complaint should be dismissed for failure to allege defendants acted "under color of state law").

Moreover, even if the Court "were to interpret Plaintiff's Complaint liberally and read in such an allegation," there is still no evidence to support a § 1983 claim. *Id.* at *10. Plaintiff made no argument that "the police ha[d] a pre-arranged plan with [Macy's] . . . [to] arrest anyone identified as a shoplifter by the store without independently evaluating the presence of probable cause." *Id*. The only allegation in the Complaint that connects Defendants to the state is Sacco's alleged provision of false information to the Jersey City Police Department. (ECF No. 1 at 8.) However, this still falls short of a "pre-arranged plan." *Archer*, 2008 WL 205220 at *10. Therefore, Plaintiff failed to "allege sufficient facts . . . to support [his] claim," and the § 1983 claim is dismissed pursuant to 28 U.S.C. 1915(e)(2)(B)(ii).

### B. Plaintiff's State Law Claims

Construing the Complaint liberally, Plaintiff attempts to allege various claims under the New Jersey Civil Rights Act, N.J. Rev. Stat. § 10:6-2 (2024), and New Jersey common law. However, having dismissed Plaintiff's § 1983 claim, the Court declines exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(a).

Further, diversity jurisdiction is improper because Plaintiff failed to allege the citizenship of the parties. Diversity jurisdiction "requires complete diversity of the parties; that is, no plaintiff

can be a citizen of the same state as any of the defendants." *Grand Union Supermarkets of V.I., Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003). The Complaint alleges Plaintiff's address and Defendants' place of employment, but not their respective citizenships. (ECF No. 1 at 4.) Therefore, Plaintiff's state law claims are dismissed for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3). Plaintiff has 30 days to file a final amended complaint curing the deficiencies addressed herein. An appropriate Order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
UNITED STATES DISTRICT JUDGE

Dated: December 12, 2025